IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IRENN JOHNSON, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:12-cv-00141 |
| ) | |
| v. ) | Honorable Ruben Castillo |
| ) | |
| ORKIN, LLC; ORKIN PEST CONTROL; ) | Magistrate Judge Nan R. Nolan |
| ORKIN EXTERMINATING, INC., ) | |
| ) | |
| Defendants. ) | |

**MOTION TO VACATE ENTRY OF DEFAULT AND FOR LEAVE
TO FILE MOTION TO DISMISS AND TO COMPEL ARBITRATION**

Defendants Orkin, LLC ("Orkin"), Orkin Pest Control ("OPC"), and Orkin Exterminating, Inc. ("OEI") (collectively, "Defendants"), by their undersigned attorneys, pursuant to Rule 55 of the Federal Rules of Civil Procedure, and on the bases set forth in the contemporaneously filed Memorandum of Law in Support, respectfully request that this Court vacate its April 19, 2012 entry of default against Defendants. Defendants further request that this Court grant Defendants leave to file a motion to dismiss Plaintiff Irenn Johnson's ("Plaintiff") Complaint and to compel arbitration. In support of this Motion, Defendants state as follows:

1. On April 19, 2012, the Court entered a default ("the default") against Defendants and notified the undersigned counsel, who Plaintiff identified in his April 16, 2012 Motion for Entry of Default Judgment.

2. Procedurally the default should be vacated under Rule 55(b)(2) of the Federal Rules of Civil Procedure, because Plaintiff failed to timely notify Defendants or their counsel of his motion, or notice his motion for a hearing.

3. Substantively the default should be vacated under Rule 55(c) of the Federal Rules

of Civil Procedure, because Defendants have good cause for their failure to timely respond to the Complaint.

4. As set forth in the contemporaneously filed Memorandum of Law in Support and accompanying declarations, Orkin inadvertently failed to respond to the Complaint as a result of a good faith mistake by its local Human Resources staff, who have no formal legal training and believed that Plaintiff improperly caused the Summons and Complaint to be served on Orkin's Waukegan, Illinois location solely by mail, rather than in-person.

5. In addition, Defendants have moved quickly to correct the default by formally appearing within five days thereof and filing their Motion within eight business days such that vacating the default will not prejudice Plaintiff.

6. Further, Orkin has significant meritorious defenses to the Complaint that are well supported in law and fact.

7. First, of the three Defendants, Orkin, LLC is the only legal entity in existence and the only proper Defendant.

8. Second, the entirety of Plaintiff's Complaint is subject to mandatory arbitration in accordance with Plaintiff's arbitration agreements executed with and on behalf of Orkin, as well as with Orkin's Dispute Resolution Policy, all of which are set forth as exhibits to the Memorandum of Law in Support. As a result, this meritorious defense is well grounded in law and fact under Rules 12(b)(1) and 60(b)(4) of the Federal Rules of Civil Procedure, as well as the Federal Arbitration Act.[1]

---

[1] Out of an abundance of caution, and without waiving their rights, Defendants have submitted an Answer and Defenses with the Memorandum of Law in Support solely to the extent this Court denies Defendants leave to file a motion to dismiss and to compel arbitration.

9. Third, the Illinois Department of Human Rights' dismissal of Plaintiff's underlying discrimination claims detail Defendants' meritorious defenses by including numerous admissions by Plaintiff that belie his spurious allegations and support Defendants' defenses.

**WHEREFORE**, for the reasons set forth above, Defendants Orkin, LLC, Orkin Pest Control, and Orkin Exterminating, Inc. respectfully request that this Court:

1. Grant Defendants' Motion;

2. Vacate the April 19, 2012 entry of default against Defendants;

3. Grant Defendants' leave to file a motion to dismiss complaint and to compel arbitration; and

4. Order such other relief as this Court deems just and proper.

DATED: April 30, 2012.

Respectfully submitted,

Jon M. Gumbel (*appearing pro hac vice*)
GA Bar No. 315195
jon.gumbel@ogletreedeakins.com
**OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.**
191 Peachtree Street, Suite 4800
Atlanta, Georgia 30303
Office (404) 881-1300
Fax (404) 870-1732

Daniel O. Canales
ARDC No. 6296027
daniel.canales@ogletreedeakins.com
**OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.**
155 N. Wacker Dr., Suite 4300
Chicago, Illinois 60606
Office (312) 558-1422
Fax (312) 807-3619

*Attorneys for Defendants*

DEFENDANTS ORKIN, LLC; ORKIN PEST CONTROL; ORKIN EXTERMINATING, INC.

By: /s/ Jon M. Gumbel
      One of Their Attorneys

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on April 30, 2012, the foregoing *Motion to Vacate Entry of Default and for Leave to File Motion to Dismiss and to Compel Arbitration* was filed electronically with the Clerk of Court using the ECF system, which will automatically send e-mail notification of such filing to the following party:

Mr. Irenn Johnson, *Pro Se*
7017 60th Avenue #101
Kenosha, WI 53142
irenn.johnson@gmail.com

  /s/ Jon M. Gumbel
One of Defendants' Attorneys

12249878.1 (OGLETREE)

4