UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS




**FILED**

AUG 13 2012

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IRENN H. JOHNSON )
Plaintiff, )
)
v. ) Civil Action No.: 12-CV-00141
) Judge Ruben Castillo
ORKIN, LLC; ORKIN PEST CONTROL; )
ORKIN EXTERMINATING, INC )
Defendant. )

## MOTION FOR FINAL JUDGMENT

1. COMES NOW, I, Irenn Johnson, Plaintiff, and pursuant Rules 54 and/ or 55 of the Federal Rules of Civil Procedure hereby request the court to enter a final judgment for the Plaintiff and against the Defendant, Orkin, LLC.

2. In support of this motion, I, Irenn Johnson, Plaintiff, declare under penalty of perjury that the following is true and correct.

3. On January 09, 2012, a complaint was filed against the Defendant in this court.

4. On March 21, 2012, a complaint and summons were served upon Defendant.

5. On April 19, 2012, the court entered an Entry of Default for failure to appear, answer or otherwise plead to the complaint ECF Doc #13.

6. On April 30, 2012, the Defendant filed a Motion to Vacate Entry of Default... ECF Doc #18.

7. On May 9, 2012, I filed a Motion In Opposition... ECF Doc #22.

8. On May 22, 2012, the Defendant filed a Reply In Support of Motion to Vacate... ECF Doc #24.

1

9. On May 24, 2012, I filed a Response To Defendant's Reply In Support of Motion... ECF Doc #26.

10. On June 4, 2012, the Defendant moved to Strike Plaintiff's Surreply To Motion... Or Leave to Respond ECF Doc #27.

11. On June 12, 2012 the court denied Defendant's motion to strike Plaintiff's Surreply... and granted its motion for leave to respond. The court noted that it would rule by mail on Defendant's motion to vacate entry of default... ECF Doc #29 (within 30 days).

12. When a Plaintiff's claim is not for a sum certain or a sum that cannot be made certain by computation the party must apply to the court for a default judgment Fed.R.Civ.P.55(b)(2).

13. A court has the power to enter default judgment when a defendant fails to defend its case appropriately or otherwise engages in dilatory tactics. *Keegel v. Key W. & Caribbean Trading Co.*, 627 F.2d 372, 375 n. 5 (D.C.Cir.1980). Rule 55(a) of the Federal Rules of Civil Procedure provides for entry of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules." FED.R.CIV.P. 55(a). Default establishes the defaulting party's liability for the well-pleaded allegations of the complaint *Adkins v. Teseo*, 180 F.Supp.2d 15, 17 (D.D.C.2001); *Avianca, Inc. v. Corriea*, 1992 WL 102999, at *1 (D.D.C. Apr. 13, 1992). Upon request of the party entitled to default, Rule 55(b)(2) authorizes the court to enter against the defendant a default judgment for the amount claimed and costs. *Id.* 55(b)(2).

14. When multiple parties are involved in an action, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay Fed.R.Civ.P.54.

15. Rule 54(c) of the Federal Rule of Civil Procedure states that a trial court "shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings." Fed.R.Civ.P. 54(c). Under Rule 54(c) and Title VII, the district court has broad discretion in fashioning relief to achieve the broad purposes of the Civil Rights Act and has authority to award appropriate relief dictated by evidence. See, e.g., Rivers v. Washington County Bd. of Educ., 770 F.2d 1010, 1012 (11th Cir. 1985) (providing that "[t]he district court has broad, equitable discretion to grant any equitable relief it deems appropriate to make persons whole for injuries suffered on account of unlawful employment discrimination"); Carter v. Diamondback Golf Club, Inc., 222 Fed. Appx. 929, 931 (11th Cir. 2007) (unpublished) (stating that relief should not be denied merely because a party failed to request such relief in the pleadings).

16. "Title VII makes it unlawful for any employer to discriminate against an employee for opposing a practice made unlawful by the Act." Fine v. Ryan Intern. Airlines, 305 F.3d 746, 751 (7th Cir. 2002) (citing 42 U.S.C. § 2000e-3(a)).

17. Pursuant to the damages limitation (damages cap) imposed by 42 U.S.C. § 1981a(b)(3), the Civil Rights Act of 1991. Under the damages cap, the sum of compensatory and punitive damages is limited based on the number of persons employed by the employer. Damages are capped at $200,000 for employers with between 200 and 500 employees, and at $300,000 for employers with more than 500 employees. 42 U.S.C. § 1981a(b)(3)(C) and (D). The County asserted that the number of employees should be determined at the time damages were awarded.

18. Section 1981a(b)(1) provides, "A complaining party may recover punitive damages under this section against a respondent ... if the complaining party demonstrates

3

that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C. § 1981a(b)(1). The terms "malice" and "reckless indifference" refer to the employer's knowledge that it may be violating federal law. Cooke v. Stefani Management Services, Inc., 250 F.3d 564, 568 (7th Cir. 2001); Kolstad, 527 U.S. at 535. In Kolstad v. American Dental Ass'n, 527 U.S. 526 (1999), the Supreme Court rejected the requirement that punitive damages be available only in "extraordinarily egregious" cases, and instead found an award proper so long as the employer discriminates "in the face of a perceived risk that its action will violate federal law." Id. at 533, 536.

19. Relief which may be granted in a civil action under subsection (A) if the court finds that a civil rights violation has occurred or is about to occur, the court may award to the plaintiff actual and punitive damages, and may grant as relief, as the court deems appropriate, any permanent or preliminary injunction, temporary restraining order, or other order, including an order enjoining the defendant from engaging in such civil rights violation or ordering such affirmative action as may be appropriate 775 ILCS § 5/10-102(c).

20. The Illinois common law of retaliatory discharge has been preempted in the employment context by the Illinois Human Rights Act, 775 ILCS § 5/1-101, et seq. See Corluka v. Bridgford Foods of Ill., Inc., 671 N.E.2d 814, 817 (Ill. App. Ct. 1996). The Illinois Human Rights Act makes it "a civil rights violation for a person, or for two or more persons to conspire, to: [r]etaliate against a person because he has opposed that which he or she reasonably and in good faith believes to be unlawful discrimination, [or] sexual harassment in employment." 775 ILCS § 5/6-101(A).

21. When a violation of the Act has occurred, the complainant should be placed in the position in which he would have been but the discrimination <u>Clark v. Illinois Human Rights Commission, 141 Ill App 3d 178, (1st Dist 1986)</u>. The purpose of a damage award is to make the complainant whole.

22. In O'Sullivan v. City of Chicago, the complaint, fairly read, stated five separate claims against the City, the Police Department, and Perry (the Joint Defendants), including (1) a violation of 42 U.S.C. § 1983; (2) a violation of 42 U.S.C. § 1981; (3) a violation of the Illinois Human Rights Act (IHRA), 775 ILCS 5/1-101 et seq.; (4) discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C.2000e; and (5) retaliation in violation of Title VII. (Complaint at ¶¶ 25-29.) It is important to note, however, that although Plaintiffs pleaded a variety of legal claims, all relied upon the same two sets of facts — the discriminatory and retaliatory actions by Perry. The complaint also requested various forms of relief, including a declaratory judgment; an injunction; an order directing that the effects of the alleged practices be eliminated; compensatory damages for lost wages and other lost benefits; compensation for emotional and psychological damage; punitive damages; and costs, including reasonable attorney's fees. (Complaint at ¶¶ A-I.) The jury found for the City on the Plaintiffs' Title VII discrimination claim, but found for the Plaintiffs on their Title VII retaliation claim. As a result of the retaliation verdict, the jury awarded the Plaintiffs compensatory damages in the amounts of $250,000.00 for Lipman, $50,000.00 for O'Sullivan, and $25,000.00 for Roche, for a total of $325,000.00. See 833*833 <u>O'Sullivan v. City of Chicago, 478 F.Supp.2d 1034 (N.D.Ill.2007); O'Sullivan v. City of Chicago, 2007 WL 671040 (N.D.Ill.2007); O'Sullivan v. City of Chicago, 474 F.Supp.2d 971 (N.D.Ill.2007)</u>. The City was also enjoined from further retaliation. See <u>O'Sullivan v. City of</u>

Chicago, 2007 WL 951941 (N.D.Ill.2007).

23. In Blount v. Stroud 232 Ill.2d 302 904 N.E.2d 1 (2009), The principal issue on appeal is whether the circuit court had subject matter jurisdiction over plaintiff's claims or, stated differently, whether plaintiff's sole source of redress was through the administrative procedures set forth in the Illinois Human Rights Act (Act) (775 ILCS 5/1-101 (West 2000)). The jury returned a verdict in favor of plaintiff on her retaliation claims, awarding $257,350 in back pay, $25,000 for pain and suffering, and $2,800,000 as punitive damages.

24. Because the Defendant does not dispute that it has 500 or more employees, has engaged in discriminatory practices with malice or with reckless indifference to my federally and state protected rights as established by its default, and there are no just reasons for delay, the court may therefore direct entry of a final judgment as to one or more, but fewer than all, claims or parties for compensatory and punitive damages, back pay, and future pay as set forth in the computation of damages (ECF Doc #21, pg 59).

25. WHEREFORE I, Irenn Johnson, Plaintiff, request an Entry of Final Judgment, as set forth in the computation of damages, in the amount of $1,075,595.00 and whatever relief the court determines as appropriate.

Dated 13 Hw 2012

Irenn H. Johnson
Pro Se

# CERTIFICATE OF SERVICE

I, Irenn H. Johnson, having been first duly sworn, state that I served a copy of the **NOTICE OF MOTION** and **MOTION FOR FINAL JUDGMENT** on ORKIN, LLC; ORKIN PEST CONTROL; ORKIN EXTERMINATING, INC by delivering it electronically to:

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Daniel Oscar Canales   daniel.canales@ogletreedeakins.com,
deborah.tyrrell@ogletreedeakins.com
Jon M. Gumbel   jon.gumbel@ogletreedeakins.com, jon.gumbel@odnss.com,
kristy.burroughs@odnss.com

_13 Aug 2012_
Dated

Irenn H. Johnson
Pro Se
7017 60th Avenue #101
Kenosha, Wisconsin 53142
262-577-5412 Phone

Signed and sworn to before me on this _13th_ day of August 2012.

Notary Public  Nanette R. Hylinski

My commission expires on: _8-3-14_

[SEAL]

1