Part D

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **IRENN H. JOHNSON,** )<br><br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**ORKIN, LLC; ORKIN PEST CONTROL;** )<br>**ORKIN EXTERMINATING, INC.,** )<br>)<br>**Defendants.** ) | **No. 12 C 141**<br><br>**Judge Ruben Castillo** |

### MEMORANDUM OPINION AND ORDER

On January 9, 2012, Irenn H. Johnson, appearing *pro se*, commenced this suit against

Orkin, LLC ("Orkin"), Orkin Pest Control ("OPC"), and Orkin Exterminating, Inc ("OEI")

(collectively, "Defendants"), by filing a complaint alleging violations of Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Illinois Human Rights Act, 775 Ill. Comp.

Stat. 5/1-101 *et seq.* (R. 1, Compl.) On April 19, 2012, the Court granted Johnson's motion for

an entry of default (R. 12, Pl.'s Mot. for Default), and thereby entered a default against

Defendants for failure to timely appear, answer, or otherwise plead to the complaint. (R. 13,

Min. Entry.) The Court retained jurisdiction to enter a specific final judgment and encouraged

the parties to exhaust all settlement possibilities. (*Id.*) On April 30, 2012, Defendants filed a

motion to vacate entry of default and for leave to file a motion to dismiss and to compel

arbitration. (R. 18, Defs.' Mot.) On May 9, 2012, Johnson filed a motion for final judgment.

(R. 21, Pl.'s Mot.) Those motions are presently before the Court. For the reasons set forth

herein, Defendants' motion to vacate entry of default and for leave to file a motion to dismiss and

to compel arbitration (R. 18) is granted. Johnson's motion for final judgment (R. 21) is denied as

moot. The entry of default against Defendants is hereby vacated, and Defendants have until October 21, 2012 to file a motion to dismiss and to compel arbitration.

## ANALYSIS

Johnson filed his underlying charge of discrimination in 2005. (R.1, Compl., Ex. A.) Since that time, Johnson and Defendants' counsel have corresponded numerous times, including as recently as March 17 and 19, 2012. (R. 18-2, Defs.' Mot., Ex. A.) At the March 22, 2012 status hearing before this Court, one of Defendants' counsel, Daniel O. Canales, personally appeared on behalf of Defendants and asserted that he did not believe that Johnson had properly served Defendants with the summons and complaint. The Court therefore scheduled a settlement conference and ordered Johnson to "file the return of service if the defendants have been served." (R. 8, Min. Entry.) Johnson did not comply with this order until April 16, 2012 (R. 9-11, Summons), the same day he filed his motion for default judgment (R. 12, Pl.'s Mot. for Default), which the Court entered three days later on April 19, 2012 (R. 13, Min. Entry).

Federal Rule of Civil Procedure 55 provides in relevant part that the plaintiff "must apply to the court for a default judgment . . . [i]f a party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative *must be served with written notice of the application at least 7 days before the hearing.*" Fed. R. Civ. P. 55(b)(2) (emphasis supplied). Defendants' counsel did not formally enter their appearance in this case until April 25, 2012, six days after the entry of default. (R. 16-17, Attn'y Appearance.) Nevertheless, counsel did appear at the March 22, 2012 status hearing before this Court. Defendants' counsel's conduct therefore constitutes an "appearance" as contemplated by Rule 55(b)(2). *See Zuelzke v. Anderson Die Casting, Inc.*, 925 F.2d 226, 230 (7th Cir. 1991) (a party has "appeared" for purposes of Rule 55(b)(2) where they have "made some presentation" to the

district court in the pending action); *see, e.g., Mandelli v. Hollando*, No. 93 C 2723, 1994 WL 457245, at \*2 (N.D. Ill. Aug. 19, 1994) ("Although [the defendant] had not yet filed a formal appearance as of the finding of default, counsel's statement in court that he represented her and his statements on her behalf constitute an appearance under Rule 55(b)(2)."); *see also U.S. v. McCoy*, 954 F.2d 1000, 1003 (5th Cir. 1992) ("We have not limited the concept of an 'appearance' to those instances in which the party has made a physical appearance in court or has filed a document in the record. Rather, we have required only that the party against whom the default judgment is sought indicate in some way an intent to pursue a defense.").

"[I]n the context of Rule 55(b)(2) the phrase 'has appeared' has not been read to require the filing of responsive papers or actual in-court efforts by or on behalf of the nonmoving party. Several circuits have interpreted the phrase to include informal contacts between the litigants or their counsel if the party against whom a default judgment was sought indicated to the moving party a clear purpose to defend the suit." *Cent. Ill. Laborers' Dist. Council v. S.J. Groves & Sons Co.*, 842 F.2d 164, 169 (7th Cir. 1988) (citing *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loeofe*, 432 F.2d 689, 691 (D.C. Cir. 1970); *Muniz v. Vidal*, 739 F.2d 699 (1st Cir. 1984); *Lutomski v. Panther Valley Coin Exchange*, 653 F.2d 270 (6th Cir. 1981); *Turner v. Salvatierra*, 580 F.2d 199 (5th Cir. 1978)) (internal quotation marks omitted). Indeed, Johnson admits that Defendants' counsel communicated with him and personally appeared on behalf of Defendants at the parties' initial status hearing. (R. 22, Pl.'s Mot. at 3-7; R. 25, Pl.'s Resp. at 1.) Johnson argues that "[b]ecause the Defendant failed to make a general appearance, file a notice of appearance, or otherwise take action dealing with the merits in accordance with Rule 12, the court exercised its discretion and ordered an entry of default." (R. 25, Pl.'s Resp. at 2.) While this may be true, Defendants' counsel have had many informal contacts with Johnson and have

indicated to Johnson a clear purpose to defend the suit. They have therefore "appeared" within the meaning of Rule 55(b)(2).

Johnson failed to provide Defendants or their counsel with "at least 7 days" written notice of his motion as required by Rule 55(b)(2). Rather, Defendants' counsel did not receive Johnson's motion until April 19, 2012, three days after it was filed, by which time the Court had already entered the default. (R. 13, Min. Entry.) In fact, Johnson did not even notice the motion for a hearing as contemplated by Rule 55(b)(2). *See Calumet Lumber, Inc. v. Mid-Am. Indus., Inc.*, 103 F.3d 612, 615 n.1 (7th Cir. 1997) (considering the defendant's opportunity to be heard on the plaintiff's motion for default); *Conn. Nat'l Mortg. Co. v. Brandstatter*, 897 F.2d 883, 885 (7th Cir. 1990) (vacating default judgment where the defendant did not have an opportunity to be heard on the plaintiff's motion for default). Neglecting to provide the required seven days written notice of a motion for default to the opposing party is a serious error that ordinarily requires the Court to vacate the default. *See N. Cent. Ill. Laborers' Dist. Council*, 842 F.2d at 168 ("Failure to provide [Rule 55(b)(2)] notice is a serious procedural error, and absent special circumstances that lack of notice requires that the default be set aside."); *see, e.g., Mandelli*, 1994 WL 457245, at *2 (same). There are no special circumstances in this case that form a basis for granting the default. *See Planet Corp. v. Sullivan*, 702 F.2d 123, 125 n.2 (7th Cir. 1983). Johnson failed to provide both written seven day notice and actual notice, so the judgment is void for want of due process. *See id.* Furthermore, Defendants had no opportunity to be heard on Johnson's motion for default. *See Brandstatter*, 897 F.2d at 885. Because Johnson's default against Defendants was procedurally improper, as he did not provide the seven day written notice required by Rule 55(b)(2) to Defendants or their counsel and because there was no actual notice or opportunity to be heard, this Court must vacate and set aside the default entered on April 19,

2012. (R. 13, Min. Entry.)

## CONCLUSION

Defendants' motion to vacate entry of default and for leave to file a motion to dismiss and to compel arbitration (R. 18) is GRANTED. Johnson's motion for final judgment (R. 21) is DENIED as moot. The entry of default (R. 13) is VACATED. Defendants have until October 21, 2012 to file their motion to dismiss and to compel arbitration. The parties are requested to reevaluate their settlement positions in light of this opinion and to exhaust all settlement possibilities. The parties shall appear for a status hearing on October 22, 2012 at 9:45 a.m.

ENTERED: _____

**Judge Ruben Castillo**
**United States District Court**

**Dated: September 26, 2012**